UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM FUDGE, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Lead File No. 2:23-cv-00030 ) |
| LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., d/b/a LOVE'S, | ) This Document Relates to: ) ALL ACTIONS ) ) ) |
| Defendant. | ) |

# MEMORANDUM OPINION

On August 15, 2024, the Court granted Love's Travel Stops & Country Stores, Inc., d/b/a/ Love's ("Love's"), Murphy Oil USA, Inc. ("Murphy"), and Speedway LLC's ("Speedway") (collectively, "Defendants") Motion to Dismiss (Doc. No. 66) and entered judgment in favor of Defendants (Doc. Nos. 66–67). On September 13, 2024, William Fudge ("Fudge"), Jason Watson ("Watson"), and Mark Baird ("Baird") (collectively, "Plaintiffs"), filed a Motion for Leave to Allow Filing of First Amended Class Action Complaint ("Motion to Amend") (Doc. No. 68).[1] Twenty days later, Plaintiffs filed a Motion to Extend Filing Date (Doc. No. 70) of the Motion to Amend (Doc. No. 68). Defendants oppose both motions. (Doc. Nos. 69, 72). Because the Motion to Amend (Doc. No. 68) was untimely, it and the Motion to Extend Filing Date (Doc. No. 70) will be denied, and this case will remain closed.

---

[1] The Motion to Amend does not comply with this Court's Local Rule that, unless otherwise provided, "every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law." L.R. 7.01(a)(2). Still, because the parties and the Court all have an interest in the final resolution of this case, the Court will not deny the Motion to Amend on this ground.

I.   BACKGROUND

On May 26, 2023, Fudge brought suit against Love's for breach of contract, unjust enrichment, money had and received, and declaratory relief. (Doc. No. 1). Shortly thereafter, Watson and Baird filed suits against Murphy and Speedway, respectively, asserting the same claims based on similar sets of underlying facts. (Case No. 2:23-cv-00036, Doc. No. 1; Case No. 3:23-cv-00589, Doc. No. 1). The Court consolidated all three actions, given the common factual allegations and legal theories at issue. (Doc. No. 23 at 3). The Court permitted Defendants to file one consolidated motion to dismiss. (See August 23, 2023 Minute Entry).

On September 27, 2023, Defendants filed the consolidated motion to dismiss. (Doc. No. 45). The Court held a hearing on the motion on December 21, 2023. (Doc. No. 61-1). During oral argument, counsel for Plaintiffs informed the Court that Plaintiffs were abandoning their breach of contract, money had and received, and declaratory relief claims, and would rely only on their unjust enrichment claims going forward. (Id. at 45:12–46:7). Given this, and that Plaintiffs conceded they entered into contracts with Defendants, the Court granted Defendants' motion to dismiss and entered judgment for Defendants on August 15, 2024. (Doc. No. 65 at 4–5; Doc. Nos. 66–67).

Twenty-nine days later, on September 13, 2024, Plaintiffs filed the Motion to Amend pursuant to Rules 15(a)(2) and 59(e). (Doc. No. 68). Nearly three weeks later, Plaintiffs filed the Motion to Extend Filing Date pursuant to Rules 15(a) and 16(b).[2] (Doc. Nos. 70–71).

---

[2] Plaintiffs purport to rely on Rule 16(b)(4) to support their Motion to Extend Filing Date (Doc. No. 70). (See Doc. No. 71 at 1 ("Once the scheduling order's deadline passes, a plaintiff must first show good cause under Rule 16(b) for failure to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a).")). Plaintiffs' reliance on Rule 16(b)(4) is improper here, in part because this case did not have a scheduling order. Given the inapplicability of Rule 16 to the instant motions, and that application of Rule 59(e) is dispositive here, the Court will not consider the parties' Rule 16 arguments further.

## II. LEGAL STANDARD

The bases for obtaining relief under Rules 15(a) and 59(e) are both straightforward. A district court "has considerable discretion in deciding whether to grant either type of motion[.]" Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010); see Morse v. McWhorter, 290 F.3d 795, 799 (6th Cir. 2002). "Under Rule 15, a court may grant permission to amend a complaint 'when justice so requires' and in the normal course will 'freely' do so." Leisure Caviar, 616 F.3d at 615 (citing Fed. R. Civ. P. 15(a)); see Foman v. Davis, 371 U.S. 178, 182 (1962); see also Benzon v. Morgan Stanley Distribs., Inc., 420 F.3d 598, 613 (6th Cir. 2005). However, "when a Rule 15 motion comes after a judgment against the plaintiff," as it has here, "that is a different story." Leisure Caviar, 616 F.3d at 615. Under such circumstances, the plaintiff "must shoulder a heavier burden." Id. at 616. "Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rule 59 or 60." Id. Here, Plaintiffs rely on Rule 59(e) to support their Rule 15 motions. (See Doc. No. 68).

Under Rule 59(e), a court may alter a judgment based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005). Rule 59(e) motions "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). The term "judgment" refers to "a judgment or a final order." Keith v. Bobby, 618 F.3d 594, 597 (6th Cir. 2010). A court "must look to the date upon which the final order or judgment was entered to determine whether a Rule 59(e) motion is timely." Id. at 598. Rule 6(b)(2) "prohibits courts from extending the time to act under Rule 59(e)." Ross v. Teleperformance USA Inc., 2015 WL

3

13933132, at *1 (6th Cir. Dec. 21, 2015) (citing Fed. R. Civ. P. 6(b)(2)); see Keith, 618 F.3d at 598–99 (courts cannot extend the time to act under Rule 59(e)).

## III. DISCUSSION

Plaintiffs move to amend and to extend the filing date for amendment pursuant to Rules 15(a) and 59(e). (Doc. Nos. 68, 70). Because Plaintiffs filed both motions after the Court entered judgment for Defendants (see Doc. Nos. 67–68, 70), Plaintiffs must comply with the Rule 59 requirements for altering or amending a judgment for their motions to succeed. Leisure Caviar, 616 F.3d at 616.

The timeliness of the Motion to Amend (Doc. No. 68) is dispositive for both motions.[3] The Court entered judgment for Defendants on August 15, 2024 (Doc. Nos. 66–67), starting the 28-day clock on any Rule 59(e) motion. See Keith, 618 F.3d at 598 (courts must look to the date of judgment to determine whether a Rule 59(e) motion is timely). Plaintiffs filed the Motion to Amend one day after the Rule 59(e) 28-day filing deadline, on September 13, 2024. (Doc. No. 68). They did not file the Motion to Extend Filing Date (Doc. No. 70) until 21 days after the Rule 59(e) filing deadline, on October 3, 2024.

While Plaintiffs concede they did not comply with the Rule 59(e) 28-day filing deadline, they assert Plaintiffs' counsel "for[getting] to tell his secretary that the Motion to Amend had to be filed on September 12, 2024" (Doc. No. 70 at 1) caused only a "minuscule" filing delay. (Doc. No. 71 at 1). Plaintiffs contend the "interest of justice would be served" by granting their Motion to Extend Filing Date (Doc. No. 70), given Defendants would not be prejudiced by the one-day delay in filing. (Id. at 1). Defendants counter that "[n]o matter how persuasive the Court finds Plaintiffs' counsel's excuse that he 'forgot to tell his secretary' about the Rule 59(e) deadline," the

---

[3] Accordingly, the Court will not address the parties' other arguments relating to either motion.

motions must be denied "because the Court lacks discretion to extend the time allowed to file Rule 59(e) motion[s.]" (Doc. No. 72 at 2; see Doc. No. 69 at 3).

Unfortunately, Defendants are correct. The Court's determination, and Plaintiffs' concession, that Plaintiffs did not file the Motion to Amend by the Rule 59(e) deadline prohibits the Court from granting either motion. (See Doc. No. 70 at 1). The plain language of Rules 6(b) and 59(e), and instruction from the Sixth Circuit, are all unequivocal—the Court does not have the authority to grant an extension to the filing deadline under Rule 59(e). Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."); see Ross, 2015 WL 13933132, at *1; see also Keith, 618 F.3d at 598–99. The Court cannot grant Plaintiffs the relief they seek in their Motion to Extend Filing Date (Doc. No. 70). See Fed. R. Civ. P. 6(b)(2). Further, no matter how convincing the Court finds Plaintiffs' arguments for amendment, it does not have the authority to consider them because they were not presented in a timely Rule 59(e) motion. See Ross, 2015 WL 13933132, at *1; Keith, 618 F.3d at 598–99; see also Leisure Caviar, 616 F.3d at 616 (plaintiffs must comply with Rules 59 or 60 to bring a Rule 15 motion after the court has entered judgment). Plaintiffs do not cite to, and the Court cannot find, any authority to the contrary. See Shumway v. Shree Shastriji, 2021 WL 3385298, at *5 (W.D. Tenn. Aug. 3, 2021) (applying Rule 15 to a motion to amend before judgment was entered). Accordingly, and regrettably, the Court must deny Plaintiffs' motions.[4]

---

[4] Even if the Court were able to consider the merits of the Motion to Amend (Doc. No. 68), it is not convinced Plaintiffs satisfied the requirements to amend a judgment under Rule 59(e). Plaintiffs did not identify which of the four Rule 59(e) grounds their motion is based on (id.). See Intera Corp., 428 F.3d at 620. The only plausible 59(e) ground Plaintiffs allude to in their briefing is "a need to prevent manifest injustice" (see, e.g., Doc. No. 71 at 1). See Intera Corp., 428 F.3d

5

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend (Doc. No. 68) and Motion to Extend Filing Date (Doc. No. 70) will be denied.

An appropriate order will enter.

                                                WAVERLY D. CRENSHAW, JR.
                                                UNITED STATES DISTRICT JUDGE

---

at 620. In any event, the Court doubts Plaintiffs would have been able to show amendment was necessary to prevent a "manifest injustice," given Plaintiffs were put on notice more than nine months before moving to amend that they would likely need to do so. (See Doc. No. 61-6 at 93:1–5 (Defendants' counsel and the Court discussing the possibility of Plaintiffs filing a future motion to amend)).